IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

                                                                                       No. 1:19-cv-00881-WJ-KRS

              Plaintiff,

v.

NENMDF, *et al.*,

              Defendants.

## PRO SE PRISONER CASE MANAGEMENT ORDER AND ORDER LIMITING COURT FILINGS PRIOR TO SCREENING

**THIS MATTER** comes before the Court *sua sponte*. On September 23, 2019, the Court received and docketed Plaintiff's *pro se* civil rights complaint, which Defendants removed from state court. The parties shall include the case number, 19-cv-00881-WJ-KRS, on all papers filed in this proceeding.

The parties must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see*, *also*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). The parties are obligated to keep the Court advised of any changes in the party's mailing address. Failure to keep the Court informed of correct addresses may result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6

Because Plaintiff is proceeding *pro se*, the Court is obligated to conduct a preliminary screening of the complaint. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Rule 4 of the Rules Governing Section 2254 Proceedings/Rule 4 of the Rules Governing Section 2255 Proceedings. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a *pro se* plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal-
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). **The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. The parties shall avoid filing unnecessary motions.** Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213-214 (2007). If Plaintiff's complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. The parties should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. **The parties not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.**

In order to permit the Court to complete its initial screening obligation, **the parties may not file any further papers in this case except for**:

(1) a motion for leave to amend a pleading. Plaintiff may only file one (1) motion for leave to amend;
(2) a response to, objection to, or request for modification of, a Court Order;
(3) a motion for extension of time to comply with or respond to a Court Order;
(4) a motion or application to proceed without prepaying fees and costs under 28 U.S.C. § 1915;
(5) a motion requesting appointment of counsel;
(6) a motion for a temporary restraining order or preliminary injunction, signed under penalty of perjury and supported by good faith factual allegations that Plaintiff is in immediate danger of serious bodily injury or will suffer immediate, irreparable harm if not granted relief by the Court;
(7) a motion under Fed. R. Civ. P. 12;
(8) a motion to remand to state court;
(9) a notice of change of address; or
(10) a motion for leave to file any other paper, supported by a detailed explanation, signed under penalty of perjury, showing good cause why filing of the paper cannot wait until after the Court has completed its screening of the case.

**IT IS, THEREFORE, ORDERED** that this Case Management Order shall govern proceedings in this case until further order of the Court.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE