**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WOODROW DUNN JR.,

       Plaintiff,

vs.                                                                                    No. CV 19-00881 KWR/KRS

NENMDF and GEO GROUP, Inc.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort) (Doc. 1-1) filed by Plaintiff Woodrow Dunn Jr. in the Eighth Judicial District Court, County of Union, State of New Mexico, on August 21, 2019, and removed to this Court by the Defendant Geo Group, Inc., on September 23, 2019 (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted and as frivolous.

**1. Factual and Procedural Background**

Plaintiff Woodrow Dunn, Jr., is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (Doc. 1-1 at 1). Plaintiff Dunn is proceeding pro se. On February 24, 2013, Plaintiff Dunn shot and killed David Rogers at close range in front of witnesses including Plaintiff's father, Woodrow Dunn Sr. Plaintiff Dunn was charged with first degree murder in New Mexico state court cause no. D-506-CR-2014-00159. The Court has reviewed the official record in Dunn's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in case no. D-506-CR-2014-00159. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th

1

Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (unpublished opinion) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In case no. D-506-CR-2014-00159, Dunn agreed to plead guilty to Second Degree Murder. The Plea and Disposition Agreement expressly stated that "there are no agreements as to sentencing" and noted that the basic sentence that could be imposed for Second Degree Murder was 15 years. The Agreement reserved the State's right to bring habitual offender charges as provided by law. (October 6, 2014 Plea and Disposition Agreement). Dunn was represented by counsel, Public Defender Bryan Collopy, and the Plea and Disposition Agreement was signed by Dunn and his counsel and approved by the Court. (October 6, 2014 Plea and Disposition Agreement at pp. 3-5). Dunn was sentenced to 15 years imprisonment with additional one-year enhancements under New Mexico's firearm statute and habitual offender statute. (April 13, 2015 Judgment & Sentence). Two days after sentencing, Dunn filed a Motion seeking to withdraw his plea on the grounds that the sentence imposed was not in accordance with the agreed recommendations in the Plea and Disposition Agreement. (April 15, 2015 Motion to Withdraw Plea). The Court denied his Motion to withdraw the plea. (February 3, 2016 Order Denying Motion to Withdraw Plea).

Dunn filed his first civil rights complaint in this Court on May 10, 2018. (*Dunn v. Scramblin,* No. CV 18-441 RB/KRS, Doc. 1). Plaintiff Dunn claimed that he was convicted of

Second Degree Murder based on a false statement by District Attorney Scramblen. (CV 18-441 RB/KRS, Doc. 1 at 1; Doc. 5).  The essence of Dunn's claim was that the District Attorney's statement regarding shooting Mr. Rogers with a .357 magnum revolver was false because the gun actually used in the murder was a Ruger .44 magnum Super Black Hawk revolver.  (CV 18-441 RB/KRS, Doc. 1 at 7, 9).  Dunn contended that the misstatement as to the caliber of the gun deprived him of 4th and 14th Amendment rights to due process and a fair trial.  (Doc. 1 at 2).  Dunn sought $500,000 for false imprisonment, to have his "wrongful" conviction removed from his record, and to be released from prison.  (CV 18-441 RB/KRS, Doc. 1 at 3).  An Amended Prayer for Relief asked this Court to expunge his full criminal record and order the Governor of New Mexico to issue him a full pardon and restore his gun rights.  (CV 18-441 RB/KRS, Doc. 4 at 2).  The Court dismissed his claims based on prosecutorial immunity, failure to state a claim, and the *Heck v. Humphry* bar.  (CV 18-441 RB/KRS, Doc. 13, 19).

In addition to CV 18-441 RB/KRS, Dunn has filed three civil rights cases and two habeas corpus cases under 28 U.S.C. §2254 as original proceedings in this Court.  *See Dunn v, State,* No. CV 18-394 JB/KK, *Dunn v. Collopy,* CV 18-528 JB/SCY, *Dunn v. Collopy,* No. CV 18-900 KG/GBW, *Dunn v. Collopy,* CV 18-1043 KG/JHR, and *Dunn v. NENMDF,* No. CV 19-499 MV/GJF.  Case CV 18-900 was dismissed for failure to state a claim for relief.  Cases CV 18-394 and CV 18-1043 were voluntarily dismissed.  Case no. CV 18-528 was dismissed under Fed. R. Civ. P. 41(b).  Habeas corpus case CV 19-499 remains pending before the Court.

Dunn also filed five civil rights complaints, including this case,  in state court.  Those five cases were removed to this Court by the Defendants.  *See Dunn v. NENMDF,* CV 19-548 KWR/GBW, *Dunn v. NENMDF,* CV 19-595 KWR/JHR, *Dunn v. NENMDF,* CV 19-876 RB/KK, *Dunn v. NENMDF,* CV 19-881 KWR/KRS, and *Dunn v, NENMDF,* CV 19-882 JB/CG.  Case CV

19-595 KWR/JHR has also been dismissed for failure to state a claim and as frivolous.

Plaintiff Dunn commenced this case in state court on August 21, 2019. (Doc. 1-1 at 1). The case was removed by Defendant Geo Group to this Court on September 23, 2019. (Doc. 1). He names, as the Defendants, NENMDF and Geo Group Inc. (Doc. 1-1 at 1). Plaintiff Dunn describes the nature of his claims as follows:

> "NENMDF, Geo Group Inc. Preforming Perfessional Eltroncally on Woodrow Dunn Jr it is AGAst the Law it is ElLAGEl For Facility to Shock the Brain of Woodrow Dunn Jr with out his permission. trying to Kill him."

(Doc. 1-1 at 1) (errors in the original). He includes an unsworn statement of an alleged witness, Roger Paine, stating:

> "I Roger Paine am Running the prefershional Eltroniclly Equment for the facility NENMDF and Geo Group Inc. I Killing Woodrow Dunn Jr death the Eltranocally Equment on perpas because facility told me to"

(Doc. 1-1 at 2) (errors in the original). Dunn contends he is showing "the Cruel and inHuman punishment and Reckless Disregard for Woodrow Dunn Jr Life Liberty and Freedom." (Doc. 1-1 at 3). Dunn seeks "$1,0000,000.00 from NENMDF and Geo Group Inc." (Doc. 1-1 at 3).

Over the course of this litigation, Plaintiff Dunn has submitted 15 unsworn witness statements, letters, and notices. (Doc. 4, 7, 9, 10, 12, 13, 14, 15, 116, 17, 18, 19, 20, 21, 22). Thirteen of Dunn's submissions are in blatant disregard of the Court's December 9, 2019 Pro Se Prisoner Case Management Order. (Doc. 8). The Court notes that Dunn has filed similar unsworn witness statements by the same "witnesses" allegedly testifying in support of entirely different contentions in his other pending cases. (See, e.g., *Dunn v, NENMDF,* CV 19-882 JB/CG, Doc. 24, 27 (witness statements by Roger Paine claiming that, at the direction of Defendants, he is pushing 20,000 words a day out of Dunn's voice box, depriving Dunn of his First Amendment right to freedom of speech)).

## 2. Standard for Failure to State a Claim

Plaintiff Dunn is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915A, the Court is to dismiss a complaint by a prisoner seeking redress against government officials if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

5

### 3. **§ 1983 Claims for Relief**

Based on his allegations of "Cruel and inHuman Punishment" and "cruel and unusual punishment," Plaintiff Dunn appears to assert 8th Amendment constitutional claims. (Doc. 1-1 at 3, 4). Although he does not cite to 42 U.S.C. § 1983, the Court construes his allegations as raising civil rights claims under § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly

*who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

**A. Plaintiff Dunn's Complaint Fails to State a Claim for Relief:** Plaintiff Dunn's Complaint fails to state any claim for relief on several grounds. First, Dunn names, as Defendant, NENMDF. (Doc. 1-1 at 1). A prison facility is not a suable entity under § 1983. "[A] detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 Fed. App'x. 852, 853 (10th Cir. 2001)(unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016).

Second, Plaintiff Dunn does not name any person as a defendant and does not make any factual allegations showing individualized conduct by any person that violated his constitutional rights. (Doc. 1-1 at 1-3). Plaintiff's Complaint does not allege personal involvement by an identified official in an alleged constitutional violation under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff makes no factual allegations that any government official defendant, through the official's own individual actions, violated the Constitution and, as a consequence, the Complaint fails to state a claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Third, Plaintiff Dunn appears to be seeking to impose vicarious liability on Defendant Geo Group, Inc. However, vicarious liability cannot form the basis for § 1983 liability. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 692 (1978). As a private corporation, Defendant Geo Group, Inc., cannot be vicariously

liable under 42 U.S.C. § 1983. *See DeVargas v. Mason & Hanger-Silas Mason Co.,* 844 F.2d 714, 723 (10th Cir.1988) (recognizing a congressional intent to avoid vicarious liability under Section 1983). Moreover, a corporation is not liable for the constitutional tort of its employees or agents unless the constitutional tort was caused by a policy or custom of the corporation. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir.1999) ("a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights" (citations omitted; emphasis in original)); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir.1993) (holding that a corporation can only incur liability under Section 1983 based on its own unconstitutional policies). Although he alleges it is at the direction of Geo Group, Dunn does not claim that the alleged electrical shocking by co-prisoner Paine is the result of any identified policy or custom of Geo Group, Inc.  Plaintiff Dunn's Complaint is legally and factually insufficient to state a plausible claim for relief and must be dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570; 28 U.S.C. § 1915A.

     **B.  Plaintiff's Claims are Frivolous:**  By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening.  28 U.S.C. § 1915A(a).  Section 1915A provides: "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(a),(b)(l).

     A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual

allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28. Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Plaintiff appears to claim that a fellow prisoner, Roger Paine, is electronically shocking his brain and trying to kill him at the direction of Defendants NENMDF and Geo Group. (Doc. 1-1 at 1-3). His claim is supported by no more than delusional or intentionally fabricated unsworn and generalized allegations by other prisoners. Dunn's Complaint is lacking any legal or factual basis and is meritless. *Neitzke v. Williams*, 490 U.S. at 325–30. Therefore, the Court will dismiss the Complaint under 28 U.S.C. §§ 1915A.

### 4. <u>Amendment Would Be Futile</u>

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. As set out, above, Dunn's claims are frivolous and unsupported by any coherent factual allegations. Moreover, Plaintiff has filed multiple cases in this and state court, giving him several prior opportunities to attempt to state a viable claim for relief. There does not appear to be any

amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Complaint (Tort) (Doc. 1-1) filed by Plaintiff Woodrow Dunn Jr. is **DISMISSED with prejudice** for failure to state a claim and as frivolous.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE