IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN JR.,

    Plaintiff,

vs.                                                                  No. CV 19-00881 KWR/KRS

NENMDF and GEO GROUP, Inc.,

    Defendants.

## ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED

THIS MATTER is before the Court *sua sponte* on the lengthy pattern of abusive filings by Plaintiff Woodrow Dunn in this Court. The Court will order Dunn to show cause why filing restrictions should not be imposed against him in this case.

Dunn filed his first civil rights complaint in this Court on May 10, 2018. (*Dunn v. Scramblin,* No. CV 18-441 RB/KRS, Doc. 1). In addition to CV 18-441 RB/KRS, Dunn has filed three civil rights cases and two habeas corpus cases under 28 U.S.C. §2254 as original proceedings in this Court. *See Dunn v, State,* No. CV 18-394 JB/KK, *Dunn v. Collopy,* CV 18-528 JB/SCY, *Dunn v. Collopy,* No. CV 18-900 KG/GBW, *Dunn v. Collopy,* CV 18-1043 KG/JHR, and *Dunn v. NENMDF,* No. CV 19-499 MV/GJF. Case CV 18-900 was dismissed for failure to state a claim for relief. Cases CV 18-394 and CV 18-1043 were voluntarily dismissed. Case no. CV 18-528 was dismissed under Fed. R. Civ. P. 41(b). Habeas corpus case CV 19-499 remains pending before the Court.

Dunn also filed five civil rights complaints, including this case, in state court. Those five cases were removed to this Court by the Defendants. *See Dunn v. NENMDF,* CV 19-548

1

KWR/GBW, *Dunn v. NENMDF,* CV 19-595 KWR/JHR, *Dunn v. NENMDF,* CV 19-876 RB/KK, *Dunn v. NENMDF,* CV 19-881 KWR/KRS, and *Dunn v, NENMDF,* CV 19-882 JB/CG.  Case CV 19-595 KWR/JHR has also been dismissed for failure to state a claim and as frivolous.

Plaintiff Dunn commenced this case in state court on August 21, 2019.  (Doc. 1-1 at 1).  The case was removed by Defendant Geo Group to this Court on September 23, 2019.  (Doc. 1). In support of his claims, Dunn submitted an unsworn statement of an alleged witness, Roger Paine, stating:

> "I Roger Paine am Running the prefershional Eltroniclly
> Equment for the facility NENMDF and Geo Group Inc. I
> Killing Woodrow Dunn Jr death the Eltranocally Equment
> on perpas because facility told me to"

(Doc. 1-1 at 2) (errors in the original).   Over the course of this litigation, Plaintiff Dunn submitted 15 unsworn witness statements, letters, and notices.  (Doc. 4, 7, 9, 10, 12, 13, 14, 15, 116, 17, 18, 19, 20, 21, 22).  Thirteen of Dunn's submissions are in blatant disregard of the Court's December 9, 2019 Pro Se Prisoner Case Management Order.  (Doc. 8). Dunn has filed similar unsworn witness statements by the same "witnesses" allegedly testifying in support of entirely different contentions in his other pending cases. (See, e.g., *Dunn v, NENMDF,* CV 19-882 JB/CG, Doc. 24, 27 (witness statements by Roger Paine claiming that, at the direction of Defendants, he is pushing 20,000 words a day out of Dunn's voice box, depriving Dunn of his First Amendment right to freedom of speech)).

On April 16, 2020, the Court entered its Memorandum Opinion and Order and its final Judgment dismissing this case for failure to state a claim and as frivolous.  (Doc. 23, 24).  Since entry of final Judgment, Dunn has submitted an additional 8 notices and "witness" statements. (Doc. 25, 26, 27, 28, 29, 30, 31, 32).  Dunn may not continue to abuse the judicial process by filing improper post-judgment notices, statements, or letters. "[T]he right of access to the courts is neither

absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir.2007) (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir.2006); *Tripati v. Beaman,* 878 F.2d at 352).

The Court has the discretion to place reasonable restrictions on any litigant who submits non-meritorious filings or generally abuses the judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may impose limitations or conditions on future filings. Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati,* 878 F.2d at 353-54; *Andrews,* 483 F.3d at 1077; *U.S. v. DeWilliams*, 612 Fed. App'x 489 (10th Cir. 2015). Dunn has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Based on the history of his subsequent post-judgment submissions and his abusive civil rights proceedings, the court finds that Dunn has a documented history of improper filings without authorization and contrary to Court orders.  This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Dunn to show cause within fourteen (14) days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in this case other than a Notice of Appeal or other filing necessary for prosecution of an appeal.  Any filing submitted by Dunn or on Dunn's behalf by others that does not comply with these restrictions will be returned to Dunn by the Clerk without filing or

submission to the Court.

**IT IS ORDERED** that within fourteen (14) days after entry of this Memorandum Opinion and Order Plaintiff Woodrow Dunn Jr **SHALL SHOW CAUSE** in writing why he should not be prohibited from making any new filings or having filings submitted on his behalf by others, other than a Notice of Appeal or a filing necessary for prosecution of any appeal.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE